UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HASSAN A. ABDUL, IV** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-9108** |
| **ROBERT TANNER, WARDEN** | **SECTION: "E"(5)** |

**REPORT AND RECOMMENDATION**

The petitioner, Hassan Abdul, IV, has filed a "Motion to Stay" the above-captioned habeas corpus proceedings so that he may present to the state courts unexhausted claims "based upon new facts of federal constitutional violations," which he recently obtained from an official court reporter.[1] The motion has been referred to the undersigned Magistrate Judge to submit proposed findings and recommendations for disposition.[2] For the following reasons, the undersigned recommends that the motion be **DENIED**.

On July 19, 2018, the undersigned issued a report and recommendation for denial of the claims raised in Abdul's federal application.[3] Abdul's objections to that report and recommendation are currently pending before the district judge.[4] Abdul recently filed a motion to stay the instant proceedings. His motion alleges that "the new facts claims which

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 21.

[3] Rec. Doc. 18.

[4] Rec. Doc. 19.

Mr. Abdul seeks to exhaust through the state courts directly relate to claims four (4) and nine (9) of the pending habeas petition. Furthermore, Mr. Abdul would like to structure independent claims relating to these new facts of federal constitutional violations."[5] His motion does not specify the alleged new facts he only recently discovered.

Before seeking federal habeas corpus relief, state prisoners must first exhaust available state-court remedies. 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.") (citing *Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). In order to exhaust, a state prisoner must fairly present each of his claims at every level of state court review available in order to afford the state courts the opportunity to " 'correct' any 'constitutional violation in the first instance.' " *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)).

Even in the context of "mixed petitions" (*i.e.*, ones that contain both exhausted and unexhausted claims), the stay-and-abeyance option proposed by Abdul is not readily available. *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). As the Supreme Court explained:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to

---

[5] Rec. Doc. 20, p. 2. These two claims were that he was forced to represent himself and that the trial court should have quashed the invalid arrest warrant.

> exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id*. at 277.

Abdul has <u>not</u> brought a mixed petition containing exhausted and unexhausted claims. Rather, as set forth in the report and recommendation, Abdul presented each of his claims to the state courts for review, including claims four and nine, which he now intends to restyle so that he may offer additional "newly discovered" factual support. His federal claims plainly require no further exhaustion for which a stay would be necessary. The Supreme Court in *Rhines* did not envision or approve a stay and abeyance in this instance, where a petitioner merely seeks to reformulate his previously unsuccessful claims. Furthermore, Abdul does not explain why he did not present the unspecified information to the state courts initially. Claim nine has already been rejected by the state courts as procedurally barred under state law and claim four was denied because it was without merit. The state courts possess solid grounds under state law to bar any additional repetitive claims raised at this juncture; thus, a stay would be improper and futile. *See*, *e.g.*, *Austin v. Kent*, Civ. Action No. 16-8059, 2017 WL 3835948, at *7 (E.D. La. Apr. 12, 2017), *adopted* 2017 WL 3783379 (E.D. La. Aug. 31, 2017) (denying motion for stay and petition for writ of habeas corpus).

Accordingly, for the reasons stated herein, and as previously set forth in the report

and recommendation, Abdul has not established the pursuit of any claims with arguable merit. Nor has he demonstrated good cause for any possible failure to exhaust. He is not entitled to a stay of these proceedings.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Abdul's "Motion to Stay" be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this  21st  day of  September , 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

4