| | |
|---|---|
| **HASSAN A. ABDUL,** | **CIVIL ACTION** |
| **Petitioner** | |
| **VERSUS** | **NO. 17-9108** |
| **ROBERT TANNER,** | **SECTION: "E" (5)** |
| **Respondent** | |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Michael North recommending that Petitioner Hassan Abdul's petition for federal habeas corpus relief be dismissed with prejudice[1] and a Report and Recommendation issued by Magistrate Judge North recommending that Petitioner Hassan Abdul's Motion to Stay be denied.[2] Petitioner timely objected to the magistrate judge's Report and Recommendations.[3] For the reasons that follow, the court adopts the Report and Recommendations as its own, and hereby **DENIES** Petitioner's application for relief.[4] The Court also adopts the Report and Recommendation recommending that the Motion to Stay be denied and accordingly, **DENIES** Petitioner's Motion to Stay.[5]

## BACKGROUND

Petitioner is an inmate currently incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana. Petitioner seeks relief from his state court convictions for attempted second degree murder and possession of a firearm by a convicted

---

[1] R. Doc. 18.
[2] R. Doc. 20.
[3] R. Doc. 19, R. Doc. 23.
[4] R. Doc. 1.
[5] R. Doc. 20.

felon.[6] The facts underlying Petitioner's conviction are as follows. In the early morning hours of May 24, 2009, Petitioner and the victim, Christopher Young, were closing down Knuckleheadz, a bar in Gretna, Louisiana, and "totaling out" the cash from the registers. At some point, Petitioner said to Mr. Young, "Chris, you don't think I'll shoot you, huh." When Mr. Young asked Petitioner what he meant, Petitioner pulled a gun from his waistband. Petitioner shot Mr. Young and fled on his motorcycle.[7] Petitioner was charged with attempted second-degree murder and possession of a firearm by a convicted felon, and the charges were severed before trial.[8]

On May 4, 2011, a jury found Petitioner guilty of attempted second-degree murder.[9] Petitioner subsequently pled guilty to possession of a firearm by a convicted felon.[10] Petitioner was sentenced to twenty-five years at hard labor on the charge of attempted second degree murder and ten years at hard labor on the charge of possession of a firearm by a convicted felon, with the sentences to run concurrently.[11] The court of appeal affirmed Petitioner's conviction and sentence on December 12, 2013.[12] The Louisiana Supreme Court denied Petitioner's writ application on October 10, 2014.[13] On June 18, 2015, Petitioner submitted his application for post-conviction relief to the state district court.[14] On October 16, 2015, the state district court denied relief.[15] On January 28, 2016, the Louisiana Fifth

---

[6] R. Doc. 1.
[7] *State v. Abdul*, 94 So.3d 801, 808 (La. App. 5 Cir. 4/24/12).
[8] State Rec., Vol. 1 of 11, Bill of Information.
[9] State Rec., Vol. 1 of 11, Minute Entry 5/4/11.
[10] State Rec., Vol. 2 of 11, Minute Entry 5/16/11.
[11] State Rec., Vol. 8 of 11, Minute Entry 3/6/13.
[12] *State v. Abdul*, 2013-KA-566 (La. App. 5 Cir. 12/12/13), 131 So.3d 365; State Rec., Vol. 8 of 11.
[13] *State ex rel. Abdul v. State*, 2014-KH-0249 (La. 10/10/14), 150 So.3d 895; State Rec., Vol. 8 of 11.
[14] State Rec., Vol. 3 of 11, Application for Post-Conviction Relief and Memorandum in Support signed and dated June 18, 2015.
[15] State Rec., Vol. 4 of 11, State District Court Order, 10/16/15.

Circuit denied his related supervisory writ application.[16] On August 4, 2017, the Louisiana Supreme Court denied relief.[17]

On September 18, 2017, Petitioner filed the instant petition seeking a writ of habeas corpus.[18] In his petition, Petitioner raises nine grounds for relief:

(1) the state courts erred in imposing a procedural bar under Louisiana Code of Criminal Procedure article 930.4(A);
(2) the evidence was insufficient to support his conviction for attempted second-degree murder;
(3) he was actually innocent;
(4) he was denied the right to counsel and was forced to represent himself without a proper *Faretta* hearing;
(5) he was denied effective assistance of pretrial counsel when (a) a public defender withdrew without notice; (b) standby counsel failed to disclose exculpatory evidence he needed to defend himself; (c) a public defender failed to investigate when Petitioner's legal documents were destroyed by employees of the Jefferson Parish Correctional Center; and (d) a public defender violated *Brady* when he failed to deliver documents to Petitioner;
(6) the trial court erred in failing to declare a mistrial when a juror acknowledged she knew a witness;
(7) the trial court improperly admitted the 911 recording;
(8) the prosecutor committed misconduct during closing argument; and
(9) the trial court should have quashed the arrest warrant based on the false and misleading affidavit.

Petitioner's application was referred to the magistrate judge who issued his Report and Recommendation on July 19, 2018.[19] In his Report and Recommendation, Magistrate Judge North concluded Petitioner is not entitled to federal habeas corpus relief and recommended his petition be dismissed.[20]

---

[16] State Rec., Vol. 4 of 11, *Abdul v. State*, 2015-KH-788 (La. App. 5 Cir. Jan. 28, 2016).
[17] *State ex rel. Abdul v. State*, 2016-KH-0323 (La. 8/4/17), 223 So.3d 507; State Rec., Vol. 4 of 11.
[18] R. Doc. 1.
[19] R. Doc. 18.
[20] *Id.*

Petitioner filed a timely notice of objection on August 3, 2018.[21] Petitioner objects to the magistrate judge's recommended disposition of claims two, four, and nine.[22] Petitioner argues (1) there was insufficient evidence to convict him of attempted second degree murder because, even if true, none of the facts establish the requisite specific intent to kill; (2) he was denied the right to counsel because he was forced to represent himself at the December 6, 2010 motion hearing without a proper *Faretta* hearing; (3) the state district court judge abused her discretion in failing to appoint substitute counsel; and (4) his claim that the arrest warrant should have been quashed should not be procedurally barred his ineffective assistance of trial counsel and post-conviction relief counsel establish cause to excuse the procedural default.[23]

## ANALYSIS

### I.  Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a *de novo* review of any of the magistrate judge's conclusions to which a party has specifically objected.[24] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[25]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved

---

[21] R. Doc. 19.
[22] *Id.*
[23] R. Doc. 19.
[24] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[25] *Id.*

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[26] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[27] Further, AEDPA requires that a federal court give state trial courts substantial deference.[28]

## II. Clearly Erroneous Review

### A. Claim One: The Procedural Bar Under Louisiana Code of Criminal Procedure article 930.4(A) Does Not Preclude This Court's Review of Those Claims

Petitioner Abdul contends the state courts improperly applied Louisiana Code of Criminal Procedure article 930.4(A) to procedurally bar his claims regarding sufficiency of the evidence/actual innocence and waiver of counsel on collateral review, preventing this Court from addressing them. The bar imposed by article 930.4(A) does not preclude federal habeas review of claims that were considered on direct appeal but found repetitive on collateral review,[29] and the State does not argue these claims are procedurally defaulted.[30] Petitioner's assertion is groundless because this Court will consider these claims on the merits.

---

[26] 28 U.S.C. § 2254(d)(1).
[27] *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).
[28] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).
[29] *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir. 1994).
[30] R. Doc. 17 at 12-13.

### B. Claim Three: Petitioner's Actual Innocence Claim Is Not Cognizable Apart from His Insufficient Evidence Claim

Petitioner argues he is actually innocent of the charged crime, attempted second degree murder.[31] The United States Supreme Court has yet to hold that federal habeas relief is available based on a freestanding claim of actual innocence.[32] Magistrate Judge North concluded that Petitioner was not entitled to relief on his claim for actual innocence because "Petitioner has offered no new evidence, and his allegations regarding inconsistent evidence and insufficient evidentiary proof do not satisfy the rigorous burden of proving factual innocence."[33] This Court's review of the record affirms that this opinion is not clearly erroneous or contrary to law.

### C. Claim Five: Petitioner Did Not Receive Ineffective Assistance of Counsel

Petitioner raises several claims for ineffective assistance of counsel that were rejected by the state court on the merits on collateral review. This court must defer to the state court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law."[34] Magistrate Judge North determined that the state court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law for the following reasons: (1) Petitioner was never abandoned by counsel; (2) Petitioner was not prejudiced by the failure to be provided with documents confiscated from him in prison because he was provided those documents when he exercised his right to self-representation; (3) Petitioner admitted to receiving the exculpatory evidence he claimed he did not receive; and (4) Petitioner cannot show that

---

[31] R. Doc. 1-1 at 33-34.
[32] *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).
[33] R. Doc. 18 at 16.
[34] 28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

counsel acted deficiently or that he was prejudiced by the failure to investigate after Petitioner's documents were confiscated and destroyed.[35] This Court's review of the record affirms that this opinion is not clearly erroneous or contrary to law.

### D. Claims Six Through Eight Are Procedurally Defaulted

In claims six through eight, Petitioner asserts he was denied a fair trial because of juror bias, improperly admitted 911 tapes, and prejudicial prosecutorial remarks made during closing argument. The state courts rejected these claims as procedurally barred on collateral review, relying on Louisiana Code of Criminal Procedure article 930.4(B), because Abdul had knowledge of the claims but inexcusably failed to raise the issues in the proceedings leading to his conviction.[36] Magistrate Judge North recommended that these claims are procedurally barred from review by this Court.[37]

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment.[38] It is well-settled that Louisiana Code of Criminal Procedure article 930.4(B) is an independent and adequate state procedural ground sufficient to bar federal review of these claims.[39] As a result, Petitioner's claims six through eight are procedurally defaulted unless he can demonstrate "cause" for

---

[35] R. Doc. 18 at 40.

[36] State Rec., Vol. 4 of 11, State District Court Order, 10/16/15; *Abdul v. State*, 2015-KH-788 (La. App. 5 Cir. Jan. 28, 2016); *State ex rel. Abdul v. State*, 2016-KH-0323 (La. 8/4/17), 223 So.3d 507; *see also* La. Code Crim. Proc. art. 930.4(B).

[37] R. Doc. 18 at 13.

[38] *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).

[39] *See, e.g.*, *Holmes v. Vannoy*, Civ. Action No. 16-6894, 2018 WL 941712 at *6 (E.D. La. Jan. 11, 2018), *adopted*, 2018 WL 929602 (E.D. La. Feb. 16, 2018); *Poupart v. Tanner*, Civ. Action No. 15-1340, 2016 WL 8813778, at *20 (E.D. La. Apr. 25, 2016), *adopted*, 2017 WL 1511610 (E.D. La. Apr. 27, 2017); *Welch v. Cain*, Civ. Action No. 12-38, 2015 WL 1526446, at *7-8 (M.D. La. Apr. 2, 2015); *Brown v. Cain*, Civ. Action No. 11–2267, 2011 WL 7042222, at *8 (E.D. La. Dec. 20, 2011), *adopted*, 2012 WL 123288 (E.D. La. Jan. 17, 2012); *Thomas v. Cain*, Civ. Action No. 11–2408, 2011 WL 6046536, at *5 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6028779 (E.D. La. Dec. 5, 2011).

the default and prejudice resulting from the default, or show that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice.[40]

Magistrate Judge North concluded,

Abdul has not offered any cause for the default that would excuse the procedural bar imposed by the Louisiana courts. Indeed, he had the ability to raise the issues on his own behalf during the proceedings leading to his conviction but failed to do so, and in some instances, stated on the record expressly that he had no objection. The Court's review of the record does not support a finding that any factor external to the defense prevented him from raising the claims in a procedurally proper manner. Nor does the record reflect any action or inaction on the part of the State which prevented him from doing so.[41]

This Court's review of the record affirms that this opinion is not clearly erroneous or contrary to law.

## III. De Novo Review

### A. Claim Two: The Evidence Was Sufficient to Support Petitioner's Conviction for Attempted Second-Degree Murder

Petitioner argues the evidence was insufficient to support his conviction for attempted second-degree murder because the evidence did not demonstrate he was the shooter or that he had specific intent to kill. Further, Petitioner argues the evidence was insufficient because no weapon was ever found at the crime scene, there is no conclusive evidence of how many times the victim was shot, and he was convicted using false testimony.[42]

The Louisiana Fifth Circuit rejected Petitioner's sufficiency of the evidence claim on direct appeal because the evidence sufficed to prove beyond a reasonable doubt that Petitioner was the perpetrator and that he had specific intent to kill the victim.[43] The

---

[40] *Amos v. Scott*, 61 F.3d at 339.
[41] R. Doc. 18 at 12.
[42] R. Doc. 1-1 at 28-33.
[43] *State v. Abdul*, 94 So.3d at 811-12.

Louisiana Fifth Circuit properly analyzed the sufficiency claim under *Jackson v. Virginia*.[44]

The *Jackson* standard requires a court to analyze whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.[45] The court concluded there was sufficient evidence to infer that Petitioner had the specific intent to kill because he pointed a gun at the victim and fired it. The court concluded there was sufficient evidence to identify Petitioner as the shooter because at least one witness identified him.[46]

Because a claim challenging the sufficiency of the evidence presents a mixed question of law and fact, this Court will defer to the state court's decision rejecting this claim unless Petitioner shows that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[47] Petitioner has made no such showing and is not entitled to relief on this claim.

### B. Claim Four: Plaintiff's Right To Counsel Was Not Violated

Petitioner argues his sixth amendment right to counsel was violated when the trial court denied his request to substitute counsel and allowed him to proceed pro se. Petitioner contends he was forced to represent himself and was subjected to self-representation or hybrid representation without a without a proper hearing, in violation of *Faretta v. California*.[48]

---

[44] 443 U.S. 307 (1979).

[45] *Jackson*, 443 U.S. at 319; *Williams v. Cain*, 408 F. Appx. 817, 821 (5th Cir. 2011); *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008).

[46] *Id*. at 811.

[47] 28 U.S.C. § 2254(d)(1); *Taylor v. Day*, Civ. Action No. 98–3190, 1999 WL 195515, at *3 (E.D. La. Apr. 6, 1999), *aff'd*, 213 F.3d 639 (5th Cir. 2000).

[48] R. Doc. 1-1 at 35-43;  R. Doc. 19 at 5-9; *Faretta v. California*, 422 U.S. 806, 835 (1975).

The Louisiana Fifth Circuit rejected Petitioner's sixth amendment and *Faretta* claims on direct appeal, and the Louisiana Supreme Court likewise denied relief.[49] The validity of a waiver of counsel and request for self-representation is a mixed question of law and fact, requiring this Court to defer to the state court's decision rejecting this claim unless the denial of relief by the state courts was contrary to or an unreasonable application of Supreme Court law.[50] A determination of whether the state court's decision was reasonable is "is limited to the record that was before the state court that adjudicated the claim on the merits."[51]

> With respect to the waiver of the right to counsel, the Supreme Court has stated,
>
> The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the assistance of counsel before he can be validly convicted and punished by imprisonment. However, a criminal defendant that is unwilling to be represented by counsel has the right to forgo the assistance of counsel and conduct his own defense. The decision to proceed pro se must be made voluntarily, knowingly, and intelligently, and it is the trial judge's responsibility to ensure that this is the case.[52]

The determination of whether the decision to proceed pro se is made voluntarily, knowingly, and intelligently is typically referred to as a *Faretta* hearing.

On April 1, 2011, Petitioner moved to substitute counsel, alleging his appointed counsel "has not and will not prepare an adequate defense for the defendant at trial (and

---

[49] *State v. Abdul*, 94 So.3d at 813-16; *State ex rel. Abdul v. State*, 2012-KH-1226 (La. 10/12/12).
[50] *White v. Cain*, Civ. Action No. 12-2906, 2014 WL 3096108, at *6 (E.D. La. July 7, 2014) (citing *Brewer v. Williams*, 430 U.S. 387, 397, n. 4, 403-04 (1977) and *Miller v. Fenton*, 474 U.S. 104 (1985).
[51] *Cullen v. Pinholster*, 563 U.S. 170, 206 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."); *McCamey v. Epps*, 658 F.3d 491, 498 (5th Cir. 2011) (district court erred in considering evidence presented at federal evidentiary hearing in support of the petitioner's claim where the state court had adjudicated the claim on the merits). Petitioner objects to the magistrate judge's recommendation, arguing the transcript from a motion hearing on December 6, 2010, which was not included in direct appeal or post-conviction proceedings, demonstrates that he was forced to represent himself at that point, before a proper *Faretta* hearing. R. Doc. 19 at 5-6; R. Doc. 1-1 at 35. This Court will not address Petitioner's arguments with respect to the December 6, 2010 motion hearing transcript because it was not included in the record before the state court that adjudicated the claim on the merits.
[52] *Faretta v. California*, 422 U.S. 806, 835 (1975).

pretrial)."[53] Petitioner requested the appointment of "another state attorney (public defender) or (myself) Mr. Hassan Abdul."[54] The trial court held a hearing on his motion, informing Petitioner that he could "not pick and choose who you want as a Public Defender."[55] The judge explained that the decision to substitute a public defender lies with the public defender's office, and that she did not "have the power to substitute Public Defenders."[56] Petitioner stated, "I mean, I'd rather represent myself and have someone to assist me, if Mr. Tompson [Chief Public Defender] can give me an assistant."[57]

The trial court then had a colloquy with Abdul regarding self-representation to ensure he was aware of the dangers and disadvantages of self-representation and that he fully understood the undertaking.[58] The trial court concluded that Abdul's "waiver of right to assistance of counsel is knowingly, intelligently and voluntarily made and the assertion of the right to represent himself is clear and unequivocal."[59] The trial court ruled that Abdul would be allowed to represent himself, appointed Mr. Miller as standby counsel, and instructed that "[h]e will have no responsibility for the trial of your case."[60]

The state court's determination that Petitioner's waiver of right to counsel was knowingly, intelligently, and voluntarily made, and that Petitioner's assertion of the right to represent himself was clear and unequivocal was reasonable and is not contrary to or an unreasonable application of controlling Supreme Court precedent. The Court agrees with the magistrate's determination that Petitioner is not entitled to relief on this claim.

---

[53] State Rec., Vol. 1 of 11, Motion for Substitution of Counsel, 4/1/11.
[54] State Rec., Vol. 1 of 11, Motion for Substitution of Counsel, 4/1/11.
[55] State Rec., Vol. 6 of 11, Transcript of Hearing, 4/4/11, p. 6.
[56] State Rec., Vol. 6 of 11, Transcript of Hearing, 4/4/11, p. 8.
[57] State Rec., Vol. 6 of 11, Transcript of Hearing, 4/4/11, p. 8.
[58] State Rec., Vol. 6 of 11, Transcript of Hearing, 4/4/11, p. 13-16.
[59] State Rec., Vol. 6 of 11, Transcript of Hearing, 4/4/11, p. 17.
[60] State Rec., Vol. 6 of 11, Transcript of Hearing, 4/4/11, p. 17.

### C. Claim Nine: Petitioner Cannot Demonstrate Cause to Overcome the Procedural Default of His Claim That the Trial Court Should Have Quashed an Invalid Arrest Warrant

Petitioner argues the trail judge erred in failing to quash the arrest warrant because the probable cause affidavit on which it was issued contained false information.[61] The state court rejected this claim as procedurally barred, based on Louisiana Code of Criminal Procedure article 930.4(B), because Abdul had knowledge of this claim and failed to raise it on objection or pretrial motion.[62] This procedural default will bar federal habeas review, so long as the decision of the state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support the judgment.[63] It is well settled that Louisiana Code of Criminal Procedure article 930.4(B) is an independent and adequate state procedural ground, sufficient to bar federal review of this claim.[64] The Court agrees with the magistrate's determination that Abdul has procedurally defaulted this claim.

In objection to the magistrate's report and recommendation, Petitioner asks to be excused from this procedural default. In order to be excused from a procedural default, Petitioner must show cause for his failure to properly raise the claims and demonstrate prejudice;[65] alternatively, Petitioner could show that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice.[66] Petitioner argues the cause for the procedural default of his claim that the arrest warrant should have been

---

[61] R. Doc. 1-1 at 72.

[62] *State ex rel. Abdul v. State*, 2016-KH-0323 (La. 8/4/17), 223 So.3d 507.

[63] *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).

[64] *See, e.g.*, *Holmes v. Vannoy*, No. 16-6894, 2018 WL 941712 at *6 (E.D. La. Jan. 11, 2018), *adopted*, 2018 WL 929602 (E.D. La. Feb. 16, 2018); *Poupart v. Tanner*, No. 15-1340, 2016 WL 8813778, at *20 (E.D. La. Apr. 25, 2016), *adopted*, 2017 WL 1511610 (E.D. La. Apr. 27, 2017); *Welch v. Cain*, No. 12-38, 2015 WL 1526446, at *7-8 (M.D. La. Apr. 2, 2015); *Brown v. Cain*, No. 11–2267, 2011 WL 7042222, at *8 (E.D. La. Dec. 20, 2011), *adopted*, 2012 WL 123288 (E.D. La. Jan. 17, 2012); *Thomas v. Cain*, No. 11–2408, 2011 WL 6046536, at *5 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6028779 (E.D. La. Dec. 5, 2011).

[65] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[66] *Amos v. Scott*, 61 F.3d at 339.

quashed is the ineffective assistance of trial counsel in failing to move to quash the arrest warrant and in improperly adopting a pro se motion filed by Petitioner. Additionally, Petitioner argues that, had he been provided counsel on collateral review, he would have framed this claim as part of his ineffective assistance of counsel claims raised on collateral review in state court.[67]

Under *Edwards v. Carpenter*, an ineffective assistance claim must be presented to the state courts as an independent claim before it may be used to establish cause to excuse a procedural default.[68] Petitioner has failed to present this ineffective assistance of trial counsel claim to the state court as an independent claim. Therefore, the claim is not exhausted, and Petitioner may not rely on it to establish cause to excuse the procedural default of his original claim that the arrest warrant should have been quashed.

Petitioner attempts to circumvent the exhaustion requirement by arguing that the exception of *Martinez v. Ryan* applies.[69] Under *Martinez*, when a federal habeas petitioner brings a claim for ineffective assistance of trial counsel that is procedurally defaulted, he can demonstrate cause for that default by showing that his post-conviction counsel (or lack of counsel) was ineffective in failing to raise the claim on collateral review.[70] Here, Petitioner's claim that trial counsel was ineffective in failing to move to quash the arrest warrant and improperly adopting Petitioner's motion has not been presented to the state

---

[67] R. Doc. 19 at 9-21

[68] *Edwards v. Carpenter*, 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000); see also *Murray v. Carrier*, 477 U.S. 478, 489 (1986)(generally requiring "that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default").

[69] R. Doc. 19 at 9-12; *Martinez v. Ryan*, 566 U.S. 1 (2012); *see also Trevino v. Thaler*, 569 U.S. 413 (2013).

[70] *Trevino*, 569 U.S. 413; *Martinez*, 566 U.S. 1. Petitioner perhaps foresees that his claim that trial counsel was ineffective for failing to move to quash the arrest warrant and for improperly adopting Petitioner's pro se motion would be procedurally barred if he were to return to state court.

courts. Therefore, that claim has not been procedurally defaulted, and the *Martinez* exception does not apply.

Notwithstanding Petitioner's failure to exhaust his ineffective assistance of trial counsel claim in state court, this Court may deny the claim on the merits pursuant to 28 U.S.C. § 2254(b)(2). Additionally, Petitioner filed a Motion to Stay these proceedings so that he may return to state court. The Court will fully address this motion in a subsequent section. However, the motion gives this Court further reason to address the underlying ineffective assistance of trial counsel claim on the merits because this Court would abuse its discretion if it stayed this proceeding to allow Petitioner to exhaust a clearly meritless claim.[71]

### 1.    Trial Counsel Was Not Ineffective

The standard for evaluating an ineffective assistance of counsel claim derives from *Strickland v. Washington*, which states the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."[72] The Court may consider these two prongs in either order, but the petitioner must satisfy both prongs to succeed.[73]

To demonstrate deficient performance by counsel, Petitioner must show that counsel's conduct "fell below an objective standard of reasonableness."[74]  The Court applies

---

[71] *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

[72] *Strickland*, 466 U.S. at 687; *see Ibarra v. Davis*, 738 F. App'x 814 (5th Cir. 2018) (discussing the showing a Petitioner must make to demonstrate that ineffective assistance of trial counsel constitutes cause to excuse the procedural default).

[73] *Strickland*, 466 U.S. at 687.

[74] *Jones v. Jones*, 163 F.3d 285, 301 (5th Cir. 1998) (quoting *Strickland*, 466 U.S. at 688).

a highly deferential standard to the examination of counsel's performance, making every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial.[75] Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[76]

To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[77]

Petitioner argues his trial counsel's performance was deficient because he improperly adopted a pro se motion filed by Petitioner and should have moved to quash the arrest warrant because the probable cause affidavit on which it was based contained false and misleading information.[78] Specifically, Petitioner argues his trial counsel was ineffective because "he objected to the denial of a motion to quash the bill of information when the motion that he should [have] been objecting to was the denial of the motion to dismiss the information [contained in the probable cause affidavit, on which the arrest warrant was based]."[79]

Petitioner's argument stems from his filing pro se motions while represented by counsel. While represented, Petitioner filed a pro se "Motion for Dismissal of Information,"

---

[75] *Jones*, 163 F.3d at 301 (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)); *see also Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (on ineffective assistance claim, courts judge counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct).

[76] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[77] *Strickland*, 466 U.S. at 694.

[78] R. Doc. 19 at 9-12 ("[H]e objected to the denial of a motion to quash the bill of information when the motion that he should [have] been objecting to was the denial of the motion to dismiss the information [contained in the probable cause affidavit, on which the arrest warrant was based]."); see also R. Doc. 1-1 at 71.

[79] R. Doc. 19 at 12.

arguing the State lacked physical evidence to substantiate the bill of information and requesting his immediate release.[80] The state trial court held a hearing on some of these pro se motions on December 6, 2010, at which time the court instructed Petitioner's attorney to "have a conversation with Mr. Abdul to see if he's going to represent himself or if you're going to represent him. And if you're going to represent him and adopt his motions and argue his motions then that's fine."[81] Petitioner's attorney adopted the motions, including Petitioner's "Motion for Dismissal of Information," and argued them on December 10, 2010.[82] The motion was denied on that day, and counsel noted his objection for the record.[83] Petitioner, pro se, appealed the denial of the motion to the Louisiana Fifth Circuit Court of Appeals.[84] The Louisiana Fifth Circuit found "the trial judge did not err in denying the motion to quash."[85] Petitioner now argues his counsel was deficient in improperly adopting his motion and in failing to move to quash the arrest warrant.

### a. Counsel's Performance in Adopting the Motion Was Not Deficient

Counsel's performance in adopting the motion was not deficient because it adhered to an objective standard of reasonableness.[86] Petitioner's pro se motion motion states, "[t]he State has instituted a prejudice[d] bill of information" and argues the State lacks evidence to substantiate the bill of information.[87] Counsel argued the motion on the

---

[80] State Rec., Vol. 1 od 11, Motion for Dismissal of Information.
[81] State Rec., Vol. 9 of 11, Transcript of Hearing, 12/6/10, pp. 25-26.
[82] State Rec., Vol. 6 of 11, Transcript of Hearing, 12/10/10, p. 8.
[83] State Rec., Vol. 6 of 11, Transcript of Hearing, 12/10/10, p. 8; State Rec., Vol. 1 of 11, Minute Entry 12/10/10.
[84] R. Doc. 1-5 at 217-222. The Louisiana Fifth Circuit Court of Appeals considered the motion as one to quash the bill of information.
[85] State Rec., Vol. 1 of 11, *State v. Abdul*, 2010-K-1078 (La. App. 5th Cir. Jan 21, 2011). In denying his writ application, the Louisiana Fifth Circuit clarified that Petitioner was in fact attacking the discrepancy between Ms. Tipado's statement and the probable cause affidavit, the same argument he now advances to quash the arrest warrant.
[86] See *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001); *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).
[87] State Rec., Vol. 1 of 11, Motion to Dismiss Information.

grounds of insufficient evidence, and the motion was denied.[88] It was objectively reasonable for counsel to adopt Petitioner's pro se motion in this manner.

### b. Counsel's Performance in Failing to File A Motion to Quash Was Not Deficient

Counsel's performance was not deficient in failing to file a motion to quash the arrest warrant because such a motion would have been meritless. Whether to file a motion is generally considered to be a matter of litigation strategy, and counsel's actions may not be considered deficient if, under the circumstances, the challenged action might be considered sound trial strategy.[89] Counsel is not required by the Sixth Amendment to file meritless motions,[90] and the failure to file a meritless motion "cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."[91]

Louisiana Code of Criminal Procedure article 202 provides that a warrant of arrest shall be issued when

> (1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and (2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.[92]

"Probable cause for an arrest exists when the facts and circumstances known to the police and of which the police have reasonably trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed a

---

[88] State Rec. Vol. 6 of 11, Transcript of Hearing, 12/10/10, p. 12-13.
[89] *Jackson v. Thaler*, 358 F. App'x 585, 586 (5th Cir.2009)(citing *Strickland v. Washington*, 466 U.S. at 689).
[90] *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).
[91] *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999).
[92] La. Code Crim. P. art. 202.

crime."[93] Minor inaccuracies in the assertions in a probable cause affidavit may not affect the validity of the warrant.[94] When material facts are omitted from an affidavit without an intent to defraud, the reviewing court must add these facts to those originally included in the affidavit and retest the sufficiency of the showing of probable cause.[95] However, when the affiant makes an intentional misrepresentation, designed to deceive the magistrate, the warrant must be quashed.[96]

The affidavit, submitted by Sargent David Spera states,

On Sunday May 24, 2009, Elzie Young reported to the Jefferson Parish Sheriff's Office that his boss' son, Hassan Abdul, had shot him . . . Patrol units located a witness . . . who stated that she had observed Young and Abdul in the manager's office and heard gunshots before Abdul came running out and fled the establishment . . . Young and the witness identified his assailant as Hassan Abdul.[97]

Petitioner argues the probable cause affidavit, on which the arrest warrant was based, contained false and misleading information, made with the intent to defraud, because the witness later stated that Young, Abdul, and another person were in the manager's office.[98] If the affidavit were inadequate, then the arrest warrant based upon the affidavit would be defective, and Petitioner's subsequent arrest would be unlawful.[99]

There is no evidence to suggest Sargent Spera attempted to defraud the issuing judge. Sargent Spera denied any knowledge of the witness's conflicting statement until well after filing the probable cause affidavit.[100] All of the information known to the police at the

---

[93] *State v. Willaims*, 448 So.2d 659, 662 (La. 1984); *State v. Wilkens*, 364 So.2d 934 (La. 1978); *State v. Johnson*, 363 So.2d 684 (La. 1978); *State v. Marks*, 337 So.2d 1177 (La. 1976).
[94] *State v. Williams*, 448 So.2d 659, 662 (La. 1984).
[95] *State v. Williams*, 448 So.2d 659 (La. 1984) (citing State v. McCartney, 96-58 (La. App. 3 Cir. 10/9/96), 684 So. 2d 416, 422, writ denied, 97-0508 (La. 9/5/97), 700 So. 2d 503).
[96] *State v. Willaims*, 448 So.2d 659, 662 (La. 1984).
[97] R. Doc. 1-5 at 234.
[98] R. Doc. 1-1 at 71-81; R. Doc. 19 at 9-12.
[99] *State v. Cook*, 404 So. 2d 1210, 1212 (La. 1981).
[100] R. Doc. 1-5 at 246 (Trial testimony of Sargent Spera).

time of the arrest was sufficient to justify a man of ordinary caution in believing Petitioner had committed a crime. Adding consideration of the conflicting witness statement, probable cause for Petitioner's arrest would still exist. The witness's statement that she observed Petitioner, the victim, and another in the office before hearing gunshots, combined with the victim's statement that Petitioner shot him and the identification by both the witness and the victim, establishes probable cause for Petitioner's arrest.[101] As a result, the performance of Petitioner's trial counsel was not deficient in failing to raise a meritless motion.

### c.    Petitioner Is Unable to Demonstrate Prejudice

Petitioner cannot demonstrate prejudice by counsel's failure to raise a meritless motion because he cannot demonstrate the result of the proceeding would have been different if counsel had so moved. As a result, Petitioner is unable to satisfy either of the *Strickland* prongs and cannot demonstrate that trial counsel was ineffective in failing to move to quash the arrest warrant or in improperly adopting Petitioner's pro se motion.

### 2.    Because Trial Counsel Was Not Ineffective, Petitioner Cannot Demonstrate Cause to Excuse the Procedural Default

Because the Court concludes there is no merit to Petitioner's claim that trial counsel was ineffective in failing to move to quash the arrest warrant and in improperly adopting Petitioner's pro se motion, this claim cannot serve as cause to excuse the procedural default of Petitioner's claim that the trial court should have quashed the arrest warrant. Petitioner is not entitled to relief on this claim.

---

[101] *See State v. McCartney*, 96–58 (La.App. 3 Cir. 10/9/96), 684 So.2d 416, 421–423, writ denied, 97–0508 (La.9/5/97), 700 So.2d 503 (holding that the affidavit was sufficient to issue an arrest warrant regardless of the magistrate's lack of knowledge of a witness' contradictory statement).

### D. Petitioner Is Not Entitled To a Stay

After filing objections to the magistrate judge's report and recommendation on Petitioner's habeas petition, Petitioner filed a Motion to Stay, seeking to stay his federal habeas proceedings so that he may return to state court and exhaust his unexhausted habeas claims based upon new evidence that was not included in the record before the state court.[102] The magistrate recommended the motion be denied because Petitioner did not present a mixed petition containing exhausted and unexhausted claims.[103]

Federal courts have the discretion to stay federal habeas proceedings while prisoners seek the exhaustion of claims in state court.[104] Stay and abeyance is only available in limited circumstances, such as when the court is faced with a "mixed petition," where the petitioner brings some exhausted and some unexhausted claims.[105] "[S]tay and abeyance is only appropriate where (1) the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court"; (2) the claim is not "plainly meritless"; and (3) there is no indication that the petitioner is "engag[ing] in abusive litigation tactics or intentional delay."[106]

This Court has determined that Petitioner's unexhausted claim that his trial counsel was ineffective in failing to move to quash the arrest warrant and in improperly adopting Petitioner's pro se motion is meritless. A stay is not appropriate to allow Petitioner to return to state court to exhaust this claim.

---

[102] R. Doc. 20.
[103] R. Doc. 22.
[104] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).
[105] *Id.*
[106] *Young v. Stephens*, 795 F.3d 484 (5th Cir. 2015).

A stay is not appropriate to allow Petitioner to return to state court to present new evidence to support his claim that he was forced to represent himself because this claim has been fully exhausted in the state courts. "New evidence does not usually give rise to a new claim; it merely provides additional proof of a claim already adjudicated on the merits."[107] For this evidence to create a new claim, it must be material.[108] "Evidence is not material for exhaustion purposes if it *supplements*, but does not *fundamentally alter*, the claim presented to the state courts."[109] The transcript of the December 6, 2010 motion hearing, which Petitioner attaches to his Motion to Stay, does not fundamentally alter his claim so as to create a new claim. The transcript reveals that at the hearing on some of the motions Petitioner filed pro se while represented by counsel, the trial judge asked Petitioner's counsel, "well, do you represent him or does he represent himself?" Counsel responded, "both," to which the judge replied, "you can't do both."[110] The trial court did not hear the pro se motions filed by Petitioner, instead instructing counsel to "have a conversation with Mr. Abdul to see if he's going to represent himself or if you're going to represent him. And if you're going to represent him and adopt his motions and argue his motions then that's fine."[111] Because the evidence included in this transcript does not create a new claim but merely supplement's Petitioner's already exhausted claim that he was forced to represent himself, a stay is not warranted.

---

[107] *Cullen v. Pinholster*, 563 U.S. 170, 216 (2011) (Sotomayor, J., dissenting)
[108] *Moore v. Quarterman,* 491 F.3d 213, 220 (5th Cir. 2007).
[109] *Moore v. Quarterman,* 491 F.3d 213, 220 (5th Cir. 2007) (quoting *Anderson v.* Johnson, 338 F.3d 382, 386 (2003)) (quotation marks and citations omitted).
[110] State Rec., Vol. 9 of 11, Transcript of Hearing, 12/6/10, p. 6; *see also* R. Doc. 19 at 5.
[111] State Rec., Vol. 9 of 11, Transcript of Hearing, 12/6/10, pp. 25-26.

## CONCLUSION

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[112]

Accordingly;

**IT IS ORDERED** that Petitioner Hassan Abdul's application for federal habeas corpus relief be and hereby is **DISMISSED WITH PREJUDICE**.[113]

**IT IS FURTHER ORDERED** that Petitioner Hassan Abdul's Motion to Stay is **DENIED.**

**New Orleans, Louisiana, this 25th day of March, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[112] R. Doc. 19.
[113] R. Docs. 3, 7.